## PACKARD vs. GETMAN.

Trover will not lie against a common carrier for not delivering goods entrusted to him for transportation, if the goods are *not* in his possession at the time of the demand, and have either been lost or stolen; the action should be case and not trover.

If, however, they be in his possession, or if has delived them to a third person, though by mistake, trover lies.

THIS was an action of trover, tried at the Albany circuit in August, 1827, before the Hon. WILLIAM A. DUER, then one of the circuit judges.

The defendant was the owner and master of a canal boat employed in the transportation of merchandize. The plaintiff purchased dry goods at three stores in the city of Albany, which were put up in *five* boxes, and sent to the boat owned by the defendant. The defendant received and shipped *four* boxes, After the goods were on board, the plaintiff came to the boat, saw the boxes, made out a bill of lading of four boxes of dry goods, and paid the defendant his charges for the transportation. The goods were transported from Albany to Caughnawaga, in Montgomery county, and received by the plaintiff. On opening the boxes, it was discovered that all the goods purchased by him in Albany were not contained in them. On inquiry, it was ascertained that the goods, unknown to the plaintiff, had been put up in Albany in *five* boxes; he supposing and having reason to believe that they were all contained in four boxes. The goods missing were part of a parcel put up in *two* boxes at the store of C. Starr & Co. These two boxes were taken to the wharf late in the evening; a hand from the boat assisted in unlading them from a cart, and the cartman left them on the wharf near the boat. It was after dusk when they were taken to the wharf, and soon after it was very dark. Three other boxes containing dry goods belonging to the plaintiff were brought to the wharf on the same evening, making in the whole five, but only four of them were taken on board. The plaintiff demanded the goods from the defendant, and not receiving them brought his action.

The judge charged the jury that the plaintiff was entitled to recover if the goods had been delivered to the defendant, and he had converted them to his own use, or had refused to deliver them to the plaintiff when demanded. The counsel for the defendant requested the judge to instruct the jury that to sustain an action of *trover* against the defendant, it was incumbent on the plaintiff to shew that the goods had been in his actual possession with his knowledge and consent, and that he had *converted* them to his own use, or that he had them in his possession *when demanded*, and refused to deliver them up; that if the goods were lost or stolen, or had been delivered to some person other than the defendant, and in conse-

quence thereof, when the demand to deliver the goods was made, the defendant had it not in his power to comply with such demand, that then the action of trover could not be maintained against the defendant, although the goods had originally been in his possession. The judge refused so to charge the jury, and the defendant excepted. The jury found for the plaintiff, with $259,71 damages ; and a motion was made for a new trial.

*L. Ford,* for defendant.

*D. Cady,* for plaintiff.

*By the Court,* SAVAGE, Ch. J. The judge erred in his charge to the jury. It had previously been decided in this case, (6 Cowen, 757,) that a demand and refusal is *prima facie* evidence of conversion, but the defendant may give evidence to negative the presumption of a conversation arising from such refusal on demand; and that on the evidence in this case it should have been submitted to the jury whether there had been a conversion in fact. The judge should also have charged the jury as requested, that trover would not lie if they were satisfied that the goods were lost or stolen, or by accident had been delivered to a wrong person, and that therefore the defendant could not deliver them when demanded. It is very plain from the testimony that the fifth box never went on board the defendant's boat; and if being thrown down on the dock was a delivery, which we have decided it was not, still one of the boxes must have been stolen or taken away by accident or mistake by some other person; and in such case, trover does not lie.

Trover lies not against a carrier for *negligence,* as for losing a box, but it does for an actual wrong, (Salk. 655;) nor for goods lost or stolen from a carrier or wharfinger; there must be an injurious conversion, something more than a bare omission. (5 Burr. 2825.) Where a carrier loses goods by *accident,* trover does not lie; but where he is an actor, and *delivers* them to a third person, though by mistake, the action lies. (Peake, 49.) It lies also where the defendant *refuses* to deliver the goods according to contract, he

NEW-YORK,
May, 1830.

Packard
v.
Getman.

*having the possession.* (1 Taunt. 391.  4 Esp. 157,)  But if lost or stolen, so that he cannot deliver them, and his inability does not arise from any act of his own, trover does not lie, though *case* does.

In this case, the presumption is the fifth box was never put on board the defendant's boat ; but if it was, it was afterwards lost or stolen.  The defendant had it not, and could not deliver it when demanded ; and that inability did not arise from any tortious act on his part, though it may have arisen from his negligence.  Trover is therefore not the appropriate remedy.

New trial granted, costs to abide the event.