The Sea Insurance Company, *appellants*, and Samuel Ward and others, *respondents*.

A decree of the court of chancery for the appointment of a *receiver*, on the petition of the stockholders of an insurance company, is *equivalent to an order for the assignment* and delivery of the securities, evidences of debt, chattels and things in action belonging to such company.

To *stay the execution of such decree* for the purpose of prosecuting an *appeal*, the party against whom the decree is made is bound to bring the property into court, or to execute a bond to the opposite party, with two sufficient sureties, in a penalty at least double the value of the property, *conditioned to abide* the order of the court for the correction of errors; a bond conditioned only for the *prosecution of the appeal* and for the payment of *costs* and *damages* that may be awarded against the appellant, is not enough to stay the issuing or execution of process to enforce the decree.

When such decree has been appealed from, *it seems* that the chancellor has lost all jurisdiction over the matter, so that he cannot modify an injunction in respect to

Sea Insurance Company *v.* Ward.

the property which by the same decree was ordered to be issued. Whether the court for the correction of errors will, under any circumstances, previous to the hearing of the appeal, modify or dissolve an injunction thus issued, *quere.*

On the petition of *Samuel Ward* and others, who were stockholders of the Sea Insurance Company, praying the appointment of a receiver and the issuing of an injunction pursuant to the statute relating to *proceedings against corporations in equity*, 2 *R. S.* 461, the court of chancery, on the 3d day of December last, made a decree directing a reference to one of the masters of the court to appoint a receiver of the property and effects of the company, and investing the receiver with all the powers conferred by the 41st section of the statute. It was further decreed that an injunction issue restraining the company and its officers from exercising any of its corporate rights, &c. except that the officers of the company, until the appointment of a receiver should be perfected, were at liberty to collect the debts of the company, and to deposit the money with the New-York Life Insurance and Trust Company, to the credit of the receiver who should thereafter be appointed, or pay out the same in discharge of the liquidated debts of the corporation.

An injunction was issued in pursuance of the decree. The company then appealed from the decree to this court, and gave the necessary bond for perfecting the appeal, in the penal sum of $500, pursuant to 2 *R. S.* 605, § 80. The proceedings before the master for the appointment of a receiver were thereupon suspended, on the ground that the appeal, in the opinion of the master, was a stay of proceedings.

The appellants by their petition, now represent, that they intended to do everything necessary to make the appeal a stay of proceedings, and if they have not succeeded in doing so, they pray an order of this court staying proceedings on the decree pending the appeal ; that the injunction may be dissolved or suspended, and that the directors may be permitted to go on with the affairs of the company in the usual manner. They also pray, in case any further act on their part is necessary to make

the appeal a stay of proceedings, that the same may be permitted to be done now with the like effect as though it had been done when the appeal was originally made.

*J. V. L. Pruyn,* for the motion.

*J. Blunt,* contra.

After advisement, the following opinions were delivered:

By Chief Justice NELSON. In respect to the *modification* or even *dissolution* of the injunction by this court, after an appeal, I am not disposed to disclaim the right to exercise the power here, when a fit case is presented. · The appeal brings up the *decree* below, with all the proceedings depending upon it, and I can readily participate in the doubt expressed by the learned chancellor as to *his* further jurisdiction over the subject matter. But, however that may be, clearly, in a case where a modification becomes necessary to prevent a waste or destruction of property tied up by the writ of injunction, the court could not hesitate, on an application, to interpose its authority. We should do here, what the court below would be called upon to do, in a judicious exercise of its powers, if the decree still remained before it.

But in this case, any modification *further* than what took place when the writ issued, would be, in effect, anticipating a judgment upon the merits. The decree involves the dissolution of the corporation, and it stands as the law of the case until reversed. What right, then, have the directors to insist upon the enjoyment of all their corporate privileges pending the appeal? Until they can obtain a reversal of the decree, they are deemed to have forfeited them. This we are bound to assume. They are still permitted to take care of the assets, collect and pay debts till a receiver is appointed for that purpose, which, I think, is all that can reasonably be conceded, with a due regard to the rights of the public, of creditors and stockholders.

As to the stay which is asked of the proceedings under the decree below for the appointment of a receiver, the question depends upon a construction of the 83d section of the statute, 2 *R. S.* 503, which provides, that if the decree appealed from directs the assignment or delivery of any securities, evidences of debts, documents, chattels or things in action, the issuing or execution of process to enforce such decree shall not be stayed by such appeal, unless the articles required to be assigned or delivered be brought into court, or placed in the custody of such officers or receivers as the court shall appoint ; or unless a bond in a penalty at least double the value of the articles, &c. be given to the adverse party, with two sufficient sureties, &c. conditioned that the appellant abide and obey the order of the court for the correction of errors, made upon the subject of such appeal.   On compliance with these conditions, the 86th § directs a stay.

The receiver, when appointed, is " to take charge of the property and effects of the corporation, collect, sue for and recover the debts and demands that may be due and the property that may belong to it. § 41.   He is also clothed with all the powers and authority conferred upon receivers, appointed in case of the voluntary dissolution of a corporation, who are invested with all the estate, real and personal, belonging to it. § 42, 67.   Looking, then, at the powers and duties of this officer, there cannot, I think, be a doubt but that the decree appointing in this case a receiver to take charge of the effects, virtually *directs the assignment of the securities, evidences of debt, documents, choses in action,* &c. of the corporation, within the meaning of § 83.   A transfer to him is the legal and necessary operation of it ; he comes into actual possession of all the assets, real and personal, and holds as a trustee for the benefit of the creditors and stockholders.   The object of the statute is quite obvious ; it is to preserve the fund in litigation, so as to abide the final determination of the court.

It is said that the directors are responsible men, and of sufficient ability to account for the fund in any way the court may ultimately direct.   But when the decree below appealed from directs the assignment or delivery of property within this sec-

tion, the statute is imperative. We are not at liberty to regard the character or condition of the parties. The security must be given to stay the proceedings.

Whether the order of assignment or appointment of a receiver, which is the same thing, is proper or not, is a question not now before us ; that is directly involved in the appeal, and will be determined when it is heard.

I do not see, therefore, that any action is necessary upon this motion, other than to deny it. The receiver is not yet appointed, as it appears the master was of opinion that the appeal and usual bond for costs and damages operated as a stay. If so, the appellants can yet give the bond required by the 83d §, and thus effectually stay the proceedings before the master. They will then secure to themselves the possession and management of the assets, pending the appeal, as far as is consistent with the interests of the public, the creditors and stockholders of the corporation. I am of opinion that the motion should be denied with costs.

By Mr. Justice BRONSON. The appellants have only given such bonds as is necessary for the purpose of perfecting an appeal. 2 *R. S.* 605, § 80. The decree does not, in terms, direct the assignment or delivery of the assets of the corporation, but such, I think, is its legal effect. When a receiver shall be appointed in pursuance of the decree, it will be the duty of the officers of the company, and all other persons having in possession any property of the corporation, to deliver the same to the receiver ; and it will be his duty to take the property into his possession, and he will have ample authority to sue for and recover the same. 2 *R. S.* 464, § 41, 42. A decree directing the appointment of a receiver, with such powers, was in effect a decree for the delivery of the assets of the corporation. The case falls within the 83d section of the statute regulating appeals, and as the requisition of that section has not been complied with, the execution of the decree has not been stayed pending the appeal.

The legislature has declared the terms on which an appeal may be made to operate as a stay of proceedings, and if this court

Sea Insurance Company *v.* Ward.

has any power over the subject, it cannot, I think, be expedient to interfere, except under very special circumstances. In this case, if the appellants are prepared to give the security which the statute requires, they do not need our aid ; no receiver has yet been appointed, and the security required by the 83d section may now be given with the same effect as though it had been given at the time the appeal was perfected.

Until a receiver shall be appointed, the injunction which has been issued does not restrain the officers of the company from collecting the debts of the corporation ; and they are also at liberty to pay the liquidated debts against the company, or to deposit the money which may be collected with the trust company. They can need no further power for the purpose of preserving the assets of the corporation pending the appeal. We cannot dissolve the injunction, or make an order allowing the directors to go on with the affairs of the company in the usual manner as the petitioners desire, without examining the case upon the merits ; and that can only be done when the appeal shall be regularly brought to a hearing. I see nothing in the case which will authorize this court to interfere, and am of opinion that the prayer of the petition should be denied.