PETER M. RYERSON, appellant, and JAMES BOORMAN *et al.*, respondents.

The Chancellor had dissolved an injunction which had been granted at the instance of the complainant in Chancery, who was the appellant in this court, restraining the defendant in, Chancery, the respondent in this court, from further proceedings upon an execution issued out of the Court of Chancery. An appeal having been taken, the Chancellor, at the instance of the appellant, made an order restraining the respondent from proceeding upon his execution until the hearing of the appeal, or until the order of the Court of Errors and Appeals to the contrary. Upon the coming in of the appeal, a motion was made in behalf of the respondent to be relieved from the effects of this order, and to be permitted to proceed upon the execution. The motion was denied.

The facts of this case are given *ante*, page 167.

*F. T. Frelinghuysen* for the motion.

*B. Williamson* and *A. S. Pennington* contra.

The opinion of the court was delivered by the Chief Justice: *nem. con.*

GREEN, C. J. In this case, the Chancellor by his decree dissolved an injunction previously granted at the instance of the appellant, restraining the respondents from further proceedings upon an execution issued out of the Court of Chancery. An appeal having been taken from this decree, the Chancellor, at. the instance of the appellants, made an order restraining the respondents from proceeding upon their execution until the hearing of the appeal, or until the order of this court to the contrary. The respondents now, upon the coming in of the appeal, ask to be relieved from the effects of this order, and to be permitted to proceed upon the execution.

The only ground upon which the intervention of the court is asked, is that there are no merits in the appellant's case, and that the appeal is taken merely for the purpose of delay. It is.

not averred that the property levied upon is of a perishable nature, that a sale has been, or will be, effected to great advantage, and that the opportunities will be lost by delay, nor that the interests of the respondents will in any way suffer peculiar or irreparable injury. It is averred indeed, that the respondents are delayed in the collection of their debt, but that objection applies equally to every case of contested litigation, and is equally applicable to every order of this court staying proceedings pending an appeal.

It is clear that nothing has been argued upon this motion but the merits of the appeal, and a decision in favor of the motion is necessarily a decision of the merits of the whole case. The inquiry then is, whether this court will, as a matter of practice, thus anticipate the merits of the appeal upon a special motion on the part of the respondents. If this practice is permitted, it is obvious that every case under similar circumstances must be twice heard upon the merits. It is to be argued in the first instance without being upon the paper, without a statement of the case, and that too upon the motion of the respondent, he holding the opening and reply. It is obvious that such a practice will be fraught with serious evils to the despatch of the business of the court, and the due administration of justice.

In *The Sea Insurance Co.* v. *Ward*, 20 *Wend.* 588, the Court of Errors refused to dissolve or suspend an injunction of the Chancellor restraining the appellants in the exercise of their corporate rights, upon the ground that such order would anticipate a decision upon the merits.

This case is embarrassed by a more serious difficulty. The Chancellor has made an order staying proceeding by the plaintiff in execution, and this court are called upon to set aside that order. There is an obvious and clear distinction between this case and that of an application to this court to grant a temporary injunction where no order has been made by the Chancellor, and for these reasons :

1. The order now applied for cannot be made without investigating and deciding the whole merits of the case; whereas, if the court were called on for an original order, none having been made by the Chancellor, we might either make or refuse the

order without involving necessarily, in all cases, the merits of the appeal.

2. This order of the court below is under the control of the Chancellor. He may modify or set it aside at his pleasure, and if he sees that equity requires it, we are bound to presume that he will grant the proper relief.

3. The Chancellor, from having heard the whole case, is in a position better qualified to judge of the necessity or expediency of a continuing order than this court can be upon a preliminary motion; and when the Chancellor has made an order not merely staying proceedings till this court meet, but until a final decree or the order of this court to the contrary, we are not disposed to interfere with the exercise of his discretion, except in what appears to us to be a clear case, or upon unquestionable grounds. We surely ought not to interfere with the Chancellor's order when it cannot be done without deciding the merits of the case, and when there is no evidence that any special, peculiar, or irreparable injury will result to the party enjoined by a continuance of the injunction.

The motion to dissolve the temporary injunction granted by the Chancellor must be denied.