## NEW YORK COMMON PLEAS.

### IDA W. MORRIS agt. THE THIRD AVENUE RAILROAD COMPANY.

The plaintiff left her satchel in the defendants' car, containing articles valued at $100. The conductor's attention being called to the fact, he took charge of it, and upon the return trip placed it in the care of the receiver of the road, by whom it was delivered to a person who had no right or claim to it:

*Held*, that the defendants were *bailees for hire* while the property remained in their custody; and the property having come into their possession by the owner's neglect, the delivery of it to the wrong person was a *conversion*, and the defendants were responsible, *unless they exercised all the care and vigilance that could reasonably be expected under the circumstances*; and this care and vigilance was a question of fact for the tribunal who tried the cause, the finding of which would not ordinarily be disturbed on appeal.

*General Term, May,* 1862.

DALY, *F. J.*, BRADY and HILTON, *J. J.*

APPEAL from a judgment of the district court.

By the court, DALY, F. J. The evidence sufficiently shows that it formed a part of the business of the defendants to take charge of articles left inadvertently in their cars by passengers ; that by their custom all articles so found were taken by the conductors to the receiver's office in Sixty-fifth street, and placed in the care of that officer. This was an arrangement for the benefit of passengers, and though the defendants may have received no compensation for it other than that which is included in the fare charged for the conveyance of the passenger, they must, in taking charge of property so left, be looked upon in the light of bailees for hire, who are bound to the exercise of ordinary care and diligence. (*Powell* agt. *Myers*, 26 *Wend.*, 591 ; *Town* agt. *Utica & Schenectady R. R. Co.*, 7 *Hill*, 47 ; *Angel on Carriers*, §§ 75, 131, 112, 302 ; *Edw. on Bailments*, 35, 36.)

This is not a gratuitous bailment. It is a matter of ordinary convenience for passengers to carry with them light and portable articles, and necessarily of very common

occurrence that they should occasionally leave such articles behind them on quitting the cars. That the defendants make it the duty of their conductors to take charge of property so left, and that they provide a place for its safe-keeping, where the owner may apply for it, is an arrangement which materially enhances the security of this mode of travel, and where it is adopted, as in this case, by a general regulation, it must be deemed as much a part of the railroad company's business as the carriage of the passengers. They do not engage for the carriage of property of the kind, and do not incur respecting it the extraordinary liability which the law imposes upon common carriers; but the existence of the regulation they have adopted, shows that they undertake, as incidental to their business, to take charge of it, if left in their cars, when the fact is brought to their knowledge, and the specific compensation which they receive for the carriage of the passenger is sufficient to constitute them bailees for hire while the property remains in their custody.

The plaintiff in the case left her satchel in the car, containing articles valued at one hundred dollars. The conductor's attention being called to the fact, he took charge of it, and upon the return-trip placed it in the care of the receiver, by whom it was delivered to a person who had no right or claim to it.

If a bailee for hire deliver a package by mistake to the wrong person, it is a conversion, because it is giving the dominion over the goods to another. (*Toule* agt. *Harbattle*, Peake, *N. P. C.*, 49; *Wyld* agt. *Pickford*, 8 *Mea. & W.*, 461; *Packard* agt. *Getman*, 4 *Wend.*, 613.) But in a case like this, where the property is not put in the bailee's charge by the owner, where it comes into his possession through the owner's neglect, and where he may not know to whom it belongs or by whom it was left, he should not be held responsible for delivering it to a wrong person, if he has

Morris agt. Third Avenue Railroad Company.

exercised all the care and vigilance that could reasonably be expected of him under the circumstances.

The receiver testified that about fifteen minutes after the satchel was placed in his charge, a respectable-looking German woman came into the office and claimed it, saying that she had been sent there by her mistress. She said the handle was a string, a brown ribbon, and that the satchel was a brown leather one ; that he asked her as to its contents, and that she said that there was a brush and comb, and other articles, the comb lying on top, two or three bottles and articles belonging to a lady, and that there was clothing. He stated that the brush and bottles corresponded with her description, and that he saw what appeared to be lady's clothing in the bag. That when he produced it she said yes, bowed and extended her hand for it ; that he meant to be careful, and that her manner made him think that she told the truth.

In cases of this nature it is generally left to a jury to say whether the circumstances are such as to justify the bailee in parting with the property. The fact relied upon to show the existence of the want of diligence, may, even where there is no conflict, be regarded differently by different persons ; they may be influenced in their bearing upon each other by the consideration of a variety of circumstances, and when the tribunal, therefore, before whom the case was laid in detail, and before whom the witnesses were examined, comes to the conclusion that sufficient care was not exercised, appellate courts, except in a very clear case, should not interfere. There are, in many instances, a discretion and judgment to be exercised as to the bearing and relation of facts, which it is more appropriate to leave to the tribunal that tries the cause, than to the one that sits in review ; and impressions as to the value of testimony and the consideration that ought to be given to particular facts, derived from the manner of witnesses and other surrounding circumstances, occur at the time, that

have and should have weight, of which the appellate tribunal have necessarily no knowledge. Questions, therefore, of negligence, the exercise or the want of diligence, involving, as they usually do, the consideration of many circumstances, should be left to the tribunal that tried the cause, except where the error is very palpable. (*Oldfield* agt. *N. Y. & Harlem R. R.*, 3 *E. D. Smith*, 106; *Curtis* agt. *Rochester*, &c. *Railroad Co.*, 20 *Barb.*, 282; *Stover* agt. *Gower*, 6 *Ship.* [*Me.*] *R.*, 174; *Story on Bailment*, §§ 11, 12, 13, 14; *Angel on Carriers*, §§ 27–51.)

The justice has found in this case that there was a want of proper care on the part of the defendants' agent : and it presents, in my judgment, one of the class of cases in which his conclusion should not be interfered with.

Property left like this in a car in which there are other passengers, is liable to just such attempts on the part of dishonest persons to obtain it, as occurred in this case. The defendants' agent had it in his power, before the satchel was shown, to require such proof of its identity as could be furnished only by a person thoroughly acquainted with its contents. The outward description of it might be given by any one who had seen it in the cars, but a particular account of what it contained could be supplied only by one who knew what was in it. It would appear not to have been locked, as the receiver looked into it, and this was an additional reason for exercising greater caution, and requiring such a statement of its contents as would reasonably justify the conclusion, if given, that the person applying was entitled to it. The woman is declared to have said that there was a brush and comb; and the receiver when examined upon the direct, stated that the brush and bottles corresponded with her description, but when cross-examined he said that he did not see a lady's hair-brush ; that the only brush that he saw was a toothbrush. The justice, assuming that he believed the statement, may have been of the opinion that the woman meant,

Morris agt. Third Avenue Railroad Company.

when she spoke of a brush and comb, to convey, from the union of the two, that it was a hair-brush. And as the only brush that the receiver saw was a tooth-brush, that that should have awakened his suspicion. But there was also evidence on the part of the plaintiff that may have induced the justice to discredit the whole of that part of the receiver's statement in which he testified that the woman identified articles contained in the satchel. He said that the brush and bottles corresponded with her description, having previously stated that she mentioned two or three bottles. Now the plaintiff testified as to the contents of the satchel. She swore that she remembered what was in it, and she produced a copy of a list of the articles which it contained, made out by herself at the time of the loss, and in this list there was neither brush, bottles nor tooth-brush. These articles the woman is said to have specifically identified, while, according to the plaintiff's testimony, the satchel contained no articles of the kind. Here there was a serious conflict, and if the justice believed the plaintiff's enumeration of the contents to be correct, it was calculated to throw discredit upon the truth of the receiver's statement. This officer says that the woman's manner made him think that she told the truth, and the justice may have thought that he relied rather upon that than upon what was within his power—such a description of what was in the satchel as could not, in all probability, have been given by the dishonest woman who obtained it. It could easily have been examined, and as it was, according to the plaintiff's testimony, a "little satchel," and contained a number of valuable articles, such as a gold chain, lava and pearl ear-rings, a jeweled bracelet, expensive embroidered handkerchiefs, head ornaments, a lace collar, &c., it would have given very little trouble to have ascertained what was in it, and to have adopted such a course as would have tested at once whether the woman knew anything or not about these articles. If the receiver delivered the

satchel to her without any preliminary inquiry as to its contents, it was certainly a want of proper care. The justice may have been of that opinion, and we cannot say upon the evidence that he erred in arriving at such a conclusion. The existence or the absence of negligence was, upon the evidence, eminently a question for him alone.

Several objections were made to the introduction of testimony, but the only one of which the defendant now makes a point is, in the court's allowing the plaintiff to show what the starter said to her when she went to inquire after the satchel. It is unnecessary to discuss whether this was admissible or not. It was proved by the defendants' witnesses that the receiver had the bag in his custody, and the declarations or statement of the starter as to where and with whom he had seen it, and where it had been taken to, was wholly immaterial. The only questions in the case were, whether the receiver acted negligently in giving it up, and its value; and upon these questions the tetimony could have no bearing.

The judgment should be affirmed.