Judgment reversed, and new trial granted; costs to abide the event.

RICHARD SAGER, Respondent, *v.* RHODA E. BLAIN, impleaded with Isaac W. Blain, Appellant.

Replevin will not lie for the recovery of money, unless specifically described, and the plaintiff shows himself entitled to possession of the specific money as described.

Nor can a recovery be had, as for money had and received, when the action is in the form of replevin.

In such an action, a verdict in favor of the defendant for the recovery of the sum of the money claimed in the complaint is correct in form.

The record in such a case will not bar a subsequent action, as upon contract, between the same parties.

(Argued January 12; decided May 1, 1871.)

APPEAL from an order of the General Term of the Supreme Court, in the second district, granting a new trial and reversing an order of the City Court of Brooklyn, denying a new trial.

The action was replevin, to recover possession of certain United States treasury notes, particularly described in the complaint, "and also the sum of $9,112.19, delivered by Charles Meigs & Son to the defendant, with damages for the withholding thereof." On the trial, the judge directed a verdict in favor of the defendant for the money claimed.

A verdict was rendered for the plaintiff for all the treasury notes, except three of $1,000 each. As to these, the jury found for the defendant.

The evidence was, that the defendant, in 1862, let her husband have possession of something over $3,000 of her own

money, to be returned to her. This money she received, some of it from her father and uncle, and some of it she earned. Soon after, Isaac W. Blain delivered to the defendant four United States 7–30 bonds of $1,000 each, saying he had purchased them with her money, and never to give them to him. The defendant retained possession of the bonds until the winter of 1863, collecting the coupons. She then let her husband, Isaac W., have one to pay a debt, and he borrowed the other three of her to use as security, promising to return them in six weeks. The bonds were put into the hands of Meigs & Son, by Isaac, and were sold by them. On the defendant's applying to them, claiming the treasury notes her husband had delivered to them, they, by the consent of her husband, in March, 1864, bought three other treasury notes of the same amount to replace them, which are those in suit. On the written order of her husband, the defendant got from Meigs & Son the three bonds and a check for $9,112.19 balance, on the 28th of March, 1864. They never were in Isaac W. Blain's or the plaintiff's possession.

The judge charged, upon this evidence that, if the jury should find Isaac W. Blain intended these three bonds as a gift to his wife, in consideration of money received by him for her, and, in pursuance of that intention, put her in possession of them in this way, a subsequent purchaser from him could not recover the possession of them from her.

The plaintiff's title was derived wholly from a written assignment, by Isaac to him, of all the treasury notes, describing them, and the "sum of $9,112.19, obtained by my wife from Meigs & Son, bankers, on the 28th March, 1864, on my account."

The paper recited a consideration of $11,112.19. The property, money and United States treasury notes footed up $14,213.19.

The plaintiff objected to the admission of the evidence of the defendant, showing the transactions with her husband through which the defendant claimed title to the bonds. Also, the plaintiff having called Meigs to show the property and

money delivered by him to the defendant, and that it was money to the credit of Isaac on their books, and that the bonds were bought by them at Isaac's direction, the defendant called Meigs to show that she made claim to the bonds sold by him in the fall of 1862, and which Isaac had borrowed of her; and that, thereupon, with Isaac's consent, the bonds in question were bought to replace them, and were delivered to her.

The testimony being closed, the court charged the jury that the plaintiff was not entitled to recover in this action the $9,112.19 claimed in the complaint, and directed the jury to find a verdict for the defendant, Rhoda E. Blain, for that amount; to which charge and direction the plaintiff's counsel excepted.

*Samuel Hand*, for the appellant, cited Co. Litt., 286 *b ;* Viner's Abr., Detinue, 23, pl. 18; *Orton* v. *Butler* (5 B. & Ald., 652); *Com'l Bank* v. *Hughes* (17 Wend., 100); *Graves* v. *Dudley* (20 N. Y., 79); *Walter* v. *Bennett* (16 N. Y., 250); *Morris* v. *Rexford* (18 N. Y., 552); Code, §§ 171, 173 ; *Seaman* v. *Luce* (23 Barb., 240); Code, § 277; 3 Wend., 667.

*Joseph M. Pray*, for the respondent, cited Smith Land. & Ten., 141; Taylor Land. & Ten., § 568 ; *Brockway* v. *Burnap* (16 Barb., 314); *Graves* v. *Dudley* (*supra*); *Rogers* v. *Arnold* (12 Wend., 30); *Pierce* v. *Van Dyke* (6 Hill., 613); *Yates* v. *Fassett* (5 Den., 21); *Le Guenn* v. *Gouverneur* (1 John. Cas., 436); *Neufoille* v. *Thompson* (2 Edw. Ch., 92); *McLean* v. *Longland* (5 Ves., 71) ; *Van Arsdale* v. *Dixon* (Lalor, 358).

HUNT, C.   The embarrassments of this case have arisen, chiefly, from the selection of an improper form of action.  The plaintiff, claiming to have purchased from the defendant, Isaac W. Blain, several government bonds, and a balance of money theretofore paid by the Messrs. Meigs & Co. to his wife, upon his order, commences an action of replevin, to

obtain this property from Mrs. Blain. The government bonds are specific articles, distinguishable from all others of a like character by dates and numbers. As to these, an action of replevin for their recovery was well enough. The plaintiff desired to avail himself of the advantages which the law gives when the defendant improperly withholds property belonging to the plaintiff. One of these was the right of seizing the property in advance, and retaining it until the defendant shall give security for its return. The other is the right of imprisonment, in the event of not paying the judgment recovered. For the purpose of recovering the money, the remedy proposed and the advantages sought were entirely inapplicable. On the order of her husband, Meigs & Co. had given to Mrs. Blain their check for $9,000, on which she had drawn the money from the bank. Whether she obtained the bills of the bank, the notes of the government, or specie, does not appear. Whatever she obtained, she kept herself, and it was never under the control or in the possession of the plaintiff or his assignor, Mr. Blain.

The claim against Mrs. B., under such circumstances, was simply for money had and received. It was to be pursued in the ordinary manner for the collection of a debt. The extraordinary remedies given in prosecuting for a tort could not be invoked. If by attempting to use them the plaintiff has involved himself in difficulty, he must suffer the consequences.

When the proper action is brought, the rights of the parties will be determined without difficulty. If this money was given to Mrs. Blain by her husband, he being free from debt, I see no reason why she cannot hold it. If it was in her hands as the mere depositary of her husband, it was subject to his order and passed by the transfer to the plaintiff. This question has not been, and could not be, decided in this action. The action of replevin or trover is based upon an improper detention or conversion of the plaintiff's property. Proof of ownership will not of itself authorize a recovery. The plaintiff may prove undoubted ownership; but, unless he proves a

conversion also, or a refusal to deliver, he cannot recover. There are many cases to this effect in the books. (*Packard* v. *Getman*, 4 Wend., 613; *Hallenbake* v. *Fish*, 8 id., 547.) His action for the recovery of a specific $9,000, alleged to be detained from him, is no bar to an action for $9,000 of debt generally due to him from the defendant. As a debt merely it cannot be recovered in the present action. The record cannot, therefore, be a bar to an action for the recovery of the debt simply. (3 How. Pr. R., 297; 18 Id., 94.)

·The record does not show whether, in the present case, the plaintiff exercised the right of preliminary seizure, which the law authorizes in an action of replevin. It will illustrate the case if we assume that he did. Let us assume that Mrs. Blain drew this $9,000, upon the check of Meigs & Co., in legal tender notes. Assume, further, that she retained the notes in her possession, and that, by the aid of a friend within the garrison, the sheriff was able to take the notes into his possession upon the replevin papers in the suit. The defendant, Mrs. Blain, not being able to give security for their return, they remain in the plaintiff's possession at the time of the trial. Upon the trial it is held that, as to this money, an action of replevin will not lie; that, as to that portion of the demand, judgment must go against him. He has quite mistaken his remedy. Both parties must be restored to the *statu quo ante bellum*. The plaintiff must give back the money. Mrs. Blain is entitled to receive it. This is precisely what was done at the trial. In my judgment, the direction was right in form as well as in substance. It stated the rights of the parties in this suit and nothing more. If an ordinary action for money assigned to him shall hereafter be brought by the plaintiff against Mrs. Blain, there will be found nothing in this record to prevent its decision upon the merits. Should there be any doubt about the effect of this verdict, which I do not myself anticipate, the record is still open to amendment. No judgment has been entered upon the verdict, and it would be within the authority of the Special Term to direct the insertion of a statement of the ground of the judgment, viz.: the

improper form of action, or that the judgment be simply that the plaintiff cannot recover the $9,000.

Several questions of evidence were presented, but I see no error that requires our consideration.

The order of the General Term should be reversed, and judgment entered upon the verdict of the City Court.

LEONARD, C.   The Code has furnished a provisional remedy, as it is called, for the claim and delivery of personal property wrongfully withheld, as a substitute for the former action of replevin.   This remedy is collateral to, and can be adopted only in, an action to recover the possession of personal property.   (Code, § 206.)   The plaintiff, or some one in his behalf, must make an affidavit, among other things, of ownership or right to the possession, and particularly describe the property.   (§ 207.)   The affidavit must also show that the property is wrongfully detained, and state the cause of its detention.   Where the property cannot be found or taken by the sheriff, an order of arrest may be obtained, upon proving by affidavit that it has been concealed, removed or disposed of, with the intent that it should not be so found or taken, or with the intent to deprive the plaintiff of the benefit thereof. (§ 179, subdiv. 3.)   The defendant can obtain a redelivery of the property, if it has been taken by the sheriff, or a discharge from arrest, in case that remedy has been obtained on failure of the sheriff to find or take the property, on executing a bond, with sureties, for the payment of such damages as may be recovered, and for the delivery of the property to the plaintiff if delivery be adjudged.   (§§ 187, 211.)

It is evident, from these sections, that the action to recover possession, and the remedy for the claim and delivery of personal property, like the former action of replevin, are applicable only when the property or thing to be recovered exists in specie.   (20 N. Y. R., 76, 79, and 17 Wend. R., 100.)

The evidence in this case proves that the money sought to be recovered did not exist, in kind, when this action was commenced; that the defendant had no money to the possession

of which specifically the plaintiff, or his assignor, the husband of the defendant, was ever entitled.

So far as it appears from the evidence, the only cause of action which the husband had against Mrs. Blain, in respect to the money, if any, was the common law right of reducing her choses in action to his possession. The money had been received by Mrs. Blain, six months before her husband assigned to the plaintiff, on his order in her favor, delivered with the declaration that he "thought she might go and get her own money and their bonds." The order, accompanied with this declaration, was presumptive evidence that the money belonged to the defendant.

Clearly the plaintiff had no cause of action for the recovery of the possession of any identical or specific money. None was described in the assignment by the husband of Mrs. Blain to the plaintiff, nor in the complaint, and no attempt was made to identify any by the evidence.

It has been suggested that the cause of action for the bonds and the money were improperly united, and that the defendant, by omitting to raise the question of the right to maintain it, as to the money, by demurrer, has waived the objection. The suggestion is untenable. There is but one count or cause of action stated. The bonds and the money are blended in that count. The complaint was not demurrable. Perhaps a motion to make the complaint more definite, by describing the money, might have prevailed. But the omission to move before answer does not impair the objection at the trial, that a cause of action has not been proven, in whole or in part.

In my opinion, the judge of the City Court of Brooklyn correctly instructed the jury to find for the defendant, as to the money.

2d. As to the bonds, there was clearly evidence tending to prove that Mrs. Blain had a separate estate, not derived from her husband, and that the husband had borrowed her bonds with a promise to return them. Possibly, if the husband had refused to comply with his engagement, or the rights of his creditors were involved, the right of the wife to recover

them from the husband would be gone. The question is wholly different where the husband has voluntarily performed his promise and returned the borrowed bonds. In such case, he has no further right or control over them; and the wife is reinstated in possession, and may hold the bonds as her separate property, since the acts of 1848 and 1860 for the protection of the rights of married women.

The question of the intention of Mr. Blain in returning the bonds, and the consideration therefor, growing out of the relation of borrower and lender, was therefore material, and proper to be submitted to the jury.

If the evidence sustained the claim of Mrs. Blain, that she had loaned the bonds to her husband, and that she came to the possession of them by the voluntary return of them by her husband, in fulfillment of his promise so to do, he had no further ownership or right of action in respect to them against her, and could assign none to the plaintiff. The city judge put his instructions to the jury, whether the three bonds were intended by Mr. Blain as *a gift* to his wife, in consideration of money received by him from her. The inquiry was substantially correct. A gift is usually without any consideration. The word appears to have been here used in the sense of *a delivery*. The separate estate of the wife, the borrowing and return, with the intention to put her again in possession of the bonds, fully authorized the instruction, if those facts were satisfactorily proven to the jury, that a subsequent purchaser from the husband could not recover them out of her possession.

There were some exceptions taken as to the admission of evidence, to which a brief reference will be sufficient.

1st. The admissions and conversations of the husband given in evidence were part of the *res gestæ*.

2d. It was objected that Mrs. Blain was incompetent as a witness. She was not a witness for or against her husband, but testified in relation to her own rights; she was a good witness in her own behalf.

3d. After proof had been given that Mr. Blain ordered the

purchase of bonds, it appeared that the order for the purchase was in writing; the plaintiff called for its production, and objected to oral proof of its contents. The objection appears to have been too late. After the evidence had been given, the question of admissibility could be raised only by a motion to strike it out, or to direct the jury to disregard it. I think the order was not material as evidence. It did not tend to prove the ownership. It was the object of the purchase and the disposition of the bonds that was material. These facts were not referred to in the order.

The order of the General Term should be reversed, and the order of the City Court, denying the motion for new trial, affirmed, with costs of the appeal to the Supreme Court and to the Court of Appeals.

All concur for reversal, except LOTT, Ch. C., not sitting.

Order of the Supreme Court reversed, and order of the City Court of Brooklyn affirmed, with costs of appeal to the Supreme Court and Court of Appeals.