HENRIETTA R. TRACY, Respondent, *v.* GRAND CONCOURSE SERVICE Co., INC., Appellant.

FREDERICK S. TRACY, Respondent, *v.* GRAND CONCOURSE SERVICE Co., INC., Appellant.

First Department, January 13, 1922.

Carriers — bailments — action to recover value of hand baggage lost while in care of chauffeur of hired automobile — person furnishing automobile for hire by special contract not common carrier — owner of automobile liable as bailee — complaint sufficient — person making contract of hiring acted for plaintiffs.

A corporation engaged in furnishing private cars, together with chauffeurs, for hire, but which does not solicit business on the public streets or in public places, and furnishes cars only by special arrangement directly with its office, is not a common carrier.

Such a corporation engaged in furnishing private automobiles for hire is liable as bailee for the loss of hand baggage intrusted to the chauffeur of the car, where it appears that it was engaged to furnish automobiles at the wedding of the plaintiffs, and that the service extended to taking the wedding party to the hotel for the luncheon and thence to the railroad station; that on the arrival at the hotel the bridal couple intrusted the chauffeur of the car with their hand baggage, and that on their return to the automobile the baggage was missing.

The complaint sufficiently alleges a cause of action against the defendant as bailee as well as against it as common carrier, for after alleging that it was a common carrier, it is alleged that the plaintiff as a passenger in one of defendant's automobiles " for a certain journey " delivered the baggage to it and to its chauffeur for safekeeping during the journey and that it failed and refused, on demand duly made, to redeliver the same to the plaintiff.

Although the contract with the defendant was made by the father of the bride, there was a privity of contract between the defendant and both the plaintiffs, for the father of the bride plainly acted for the plaintiffs in making the contract.

CLARKE, P. J., dissents.

APPEAL by the defendant, Grand Concourse Service Co., Inc., in each action, from an order and determination of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of Bronx on the 28th day of April, 1921, affirming a judgment of the Municipal Court of the City of New York, borough of The Bronx, Second District, in favor of the plaintiff in each of the actions.

*John S. Slattery* of counsel, for the appellants.

*Hardy, Stancliffe & Whitaker [William F. McDermott* of counsel; *John L. Farrell* with him on the brief], for the respondents.

LAUGHLIN, J.:

Frederick S. Tracy and Henrietta R. Tracy are husband and wife. They were married on the 30th of September, 1920; and the recovery by each of them was for the loss of hand baggage intrusted on that day to a chauffeur in the employ of the defendant and in charge of the automobile hired for their use. The theory of the complaint in each action is that the defendant was liable as a common carrier and as bailee of the property. The only points presented by the appeal relate to whether the defendant was liable on either theory.

The causes were tried together before the court without a jury. Defendant was engaged in furnishing private limousines, also known as limousine broughams, together with chauffeurs, for hire, and its place of business was on the Grand Concourse at One Hundred and Eighty-eighth street, New York city. Neither it nor its chauffeurs solicited business on the public streets or places. The hiring of its cars was arranged either by calls at its place of business or by telephone. The limousine from which the hand baggage was lost was hired for the wedding by Mr. Reess, Mrs. Tracy's father, who called at the defendant's place of business and contracted therefor a week prior to the date of the wedding. His interview was with one Dodd, who was the treasurer of the defendant and in charge of its office.

According to the testimony of Reess, he ordered one limousine to call at 2232 Andrews avenue to take his daughter's fiancé to the Church of the Ascension on One Hundred and Seventh street near Broadway, where the marriage ceremony was to be performed, and the other to call at his own apartment to take his daughter to the church and to take the bridal couple and some of the bridal party from the church to the Waldorf-Astoria for luncheon, and there to wait for the bridal couple and take them to the Pennsylvania Station in time for the four o'clock train for Atlantic City. The limousines were sent pursuant to this arrangement, and Mr. Reess paid the agreed price per hour to the chauffeurs who were authorized to collect the charges. Mrs. Tracy testified that one of the limousines called to take her to the church, and that she and the maid of honor with three handbags entered the car, and that the bags, two of which were hers, were placed in front next to the chauffeur, and were left there while they were in the church and the marriage ceremony was being performed, and that then she and her husband and the maid of honor and best man entered the same limousine, in which, in the meantime, her husband's handbag had been placed with hers, and they were conveyed to the Waldorf-Astoria. Over objection and exception to the effect that it was not binding on the defendant, she was permitted to testify to a conversation with the chauffeur before they left the car, with respect to the care of the handbags. She testified that she asked the chauffeur if he was to remain in the car while they were at luncheon, and on his answer in the affirmative, she asked if he would mind the bags, to which he also replied in the affirmative, and that she again asked him if he was sure that he was to remain in the car, and said to him that if he would not, they would check the bags, and that he answered, " All right, I will stay.  *  *  * Don't you worry," and that they thereupon left the car, and after two or three hours came out of the hotel on the Thirty-fourth street side and looked around for the limousine, but at first did not see the chauffeur, who soon came across the street to where they were and asked if they had taken two of the bags out of the car, and on their informing him that they had not, he said, " Well then, they are stolen," and further said that he had stepped across the street under the hotel canopy

to keep from getting wet, as it was raining, and that whoever took the bags must have opened the back door of the car and taken them out, for the two bags which were stolen were at the back and underneath the others.  She further testified that one of the missing bags belonged to her and the other to her husband, and she gave the value of her bag and its contents. The testimony of Mr. Tracy was to the same effect with respect to the arrangement made with the chauffeur to care for the baggage, and he testified concerning his damages.  In behalf of the defendant, Mr. Dodd testified that Mr. Reess selected the limousines, the use of which he desired for the wedding; that they agreed upon the price per hour, and that one of the cars was hired to take the bridal party to the hotel and from there to the Pennsylvania Station; that the cars selected were used only for wedding functions, and that nothing was said about baggage; that the defendant's chauffeurs were employed only to drive the cars and to collect the charges when so directed, and that it had no facilities in its cars for carrying baggage, and that it was unusual for its passengers to carry baggage; that the chauffeur did not report the loss to him, and was unaware of it until Mr. Reess and Mrs. Tracy called upon him a week later; that the defendant's insurance policy did not cover the loss of baggage; that the chauffeur had been out of his employ about a month at the time of the trial, but was still friendly and promised to appear as a witness, but failed so to do.

I am of opinion that the recoveries cannot be sustained on the theory that the defendant was a common carrier.  No statute or ordinance has been drawn to our attention, and we have found none which required a license by the defendant for thus furnishing automobiles and chauffeurs, and it was under no obligation to furnish such service to the public at fixed charges, and did not hold itself out as being ready and willing so to do. (See *Allen* v. *Sackrider,* 37 N. Y. 342; *Jackson Architectural Iron Works* v. *Hurlbut,* 158 id. 34; *Stevenson & Co.* v. *Hartman,* 231 id. 378; 10 C. J. 38, Carriers.)  I am of opinion, however, that it was within the scope of the employment of the chauffeur, sent out by defendant under this contract, to assume the care of the hand baggage of the bridal couple, left in the car while they were

in the hotel and while he was waiting for them to resume their journey with him, and that defendant in thus renting the limousines for the wedding was fairly chargeable with notice that the bridal couple, on being taken to a train for a journey to Atlantic City on their honeymoon, would have with them the ordinary hand baggage usually carried on such occasions, and that it was within the implied terms of the contract that they might intrust such baggage to the chauffeur and leave it in the car while they left it temporarily, and that, therefore, defendant was liable as bailee for the loss of the property, which it has not explained. (See *Hasbrouck* v. *N. Y. C. & H. R. R. R. Co.*, 202 N. Y. 363; *Morris* v. *Third Avenue R. R. Co.*, 1 Daly, 202; *McKillop* v. *Reich*, 76 App. Div. 334; *Rubin* v. *Forwarders Auto Trucking Corp.*, 111 Misc. Rep. 376; *Polack* v. *O'Brien*, 114 App. Div. 366; *Goldstein* v. *Pullman Co.*, 220 N. Y. 549; *Anderson* v. *Fidelity & Casualty Co.*, 228 id. 481.) The appellant further contends that the allegations of the complaint are insufficient to charge it with liability as bailee merely, and that they should be construed as predicating the liability solely on the theory that the defendant was a common carrier. I am of opinion that the allegations are sufficient to sustain a recovery on either theory. After alleging that it was a common carrier, it is alleged that the plaintiff as a passenger in one of its automobiles " for a certain journey " delivered the baggage to it and to its chauffeur for safekeeping during the journey, and that it failed and refused on demand duly made, to redeliver the same to the plaintiff. These allegations sufficiently informed the defendant that the plaintiff intended to prove that the contract of hiring was such that the plaintiff was warranted in intrusting the custody of the hand baggage to the chauffeur. There is no merit in the further contention that there was no privity of contract between the plaintiff and defendant. Mr. Reess plainly acted for the plaintiffs in making the contract.

It follows that the determinations of the Appellate Term should be affirmed, with costs.

Smith, Merrell and Greenbaum, JJ., concur; Clarke, P. J., dissents.

Determinations affirmed, with costs.