THE SALT SPRINGS NATIONAL BANK, Respondent, *v.* JOHN R.
WHEELER, Appellant.

A demand and refusal to deliver do not establish a conversion, where, at
the time of the demand, the property in question is not in existence.

The accidental loss or destruction of an article by one lawfully in its pos-
session, is not a conversion.

(Submitted January 5, 1872; decided May term, 1872.)

APPEAL from judgment of the General Term of the
Supreme Court in the fifth judicial district, affirming a judg-
ment in favor of the plaintiff, entered upon the decision of
the court at circuit, upon trial without a jury.

The complaint alleges the wrongful conversion of three
drafts or bills of exchange drawn by Jaycox & Green upon

the defendant, each payable one month after date to their own order, and indorsed by them, and dated, respectively, September 16, November 6 and November 22, 1865, amounting together to $1,012, which were delivered by Jaycox & Green to the plaintiff, discounted by the bank, and sent to the defendant for acceptance and payment, and to be returned if not accepted  A demand and refusal were also averred.

At the trial it was proven, on the part of the plaintiff, that the bills were drawn at the different dates, as alleged, and delivered to the bank for collection; that they were drawn for goods sold to the defendant; that they were discounted for the drawers by the bank soon after they were so received, and sent to the defendant for acceptance and payment.   That the plaintiff sent an agent to the defendant at the village of Farmer, where he resided, who, by their authority, demanded the said bills of him.   The defendant, in answer to the demand, claimed, at first, as testified by the agent, that he had returned the bills, but, afterward, made an unsuccessful search for them, and finally said that they might have been burned up among some papers of no value.

The defendant testified, in his own behalf, that when the demand was made he went to another room and searched for the bills, but was unable to find them; that he did not say that he had burned them, but said that they might have got into his waste-basket and thus have been lost or destroyed; that he had since looked for but could not find them; that he had never destroyed or negotiated the bills, and that he was insolvent.

The judge found, among other things, that the plaintiff demanded the bills of the defendant, who refused to deliver them; said bills having been lost, mislaid or destroyed through the negligence of the defendant, and converted the same; and, as a conclusion of law, that the plaintiff was entitled to recover the amount of the bills, with interest from the demand, amounting together to $1,071.

The defendant duly excepted.

*W. B. Smith* for the appellant. If the drafts were not in existence when the demand was made, then a refusal does not amount to conversion. (*Packard* v. *Getman*, 4 Wend., 612; *Hawkins* v. *Hoffman*, 6 Hill, 586; *Whitney* v. *Slawson*, 30 Barb., 276; 32 id., 396; *Bowman* v. *Eaton*, 24 id., 528; *Kelsey* v. *Griswold*, 6 id., 436; 1 Wait's L. & P., § 24; Ad. on Torts, 3d ed., 311.)

*Hunt & Green* for the respondent. The bills were valid, and any person destroying them or refusing to deliver on demand would be liable for their value. (1 Cowen, 240; 2 Hill, 550; 1 Sand., 96; 4 id., 248; 10 John. R., 172; 3 John., 432; 12 id., 484; 19 id., 66; 3 Camp. R., 476; Sedgwick on Damages, 3d ed., 514, and cases cited; *Decker* v. *Mathews*, 2 Kernan, 12 N. Y. R., 313.)

HUNT, C. The advantage of an action in trover, rather than an action in assumpsit, in the collection of a debt, is apparent. It gives a right to hold to bail during the pendency of the action, and a right of imprisonment upon an execution, in addition to the usual resort to the property of the defendant. To procure this advantage the plaintiffs have passed by their plain and obvious remedy, of an action against the defendant for a breach of contract, and have brought an action of trover. The question is whether they can sustain it.

During the autumn of 1865, the defendant being indebted to the firm of Jaycox & Green in the sum of $1,012.18, that firm drew upon him for the amount in three several bills of exchange at one month each. These bills were discounted by the plaintiff at about the time of their several dates, and had all matured before the 30th day of December. On that day one of them had been due two and a half months, the second nearly two months, the last a few days. These drafts were severally transmitted by the plaintiff to the defendant for acceptance and payment, he being engaged in the business of a banker also. Before the 30th of December the defendant failed and made an assignment. On that day the plaintiff's agent

demanded of him the drafts in question. He replied that he thought he had returned them to the plaintiff. Upon reflection and examination he stated that he could not find them, and that he might have burned them up in destroying other papers that he considered of no value. It was not pretended by any witness that the defendant asserted any title to the bills or claimed any right to hold or retain them. There was no reason to doubt the accuracy of the defendant's statement. The judge finds that they were lost, mislaid or destroyed through the negligence of the defendant. He also finds that he "converted the same."

To authorize the action of trover, two things are necessary : 1. Property in the plaintiff with a right of possession ; and 2. A conversion by the defendant of the thing to his own use. This conversion consists of the appropriation of the thing to the party's own use and beneficial enjoyment, or in its destruction, or in exercising dominion over it in defiance of the plaintiff's right, or in withholding it under a claim of title. (1 Greenl. Ev., § 642, and cases cited.) The destruction referred to as constituting a conversion is an intentional destruction, not an accidental act. Thus, a misdelivery of goods by a bailee is a conversion. (Id., and *Deming* v. *Barclay*, 2 B. & A., 702 ; *Seyd* v. *Hay*, 4 T. R., 260.) But the accidental loss by the carrier is not. (*Ross* v. *Johns*, 5 Burr, 2825 ; *Dwight* v. *Benton*, 1 Pick., 50.) A *wrongful* sale is a conversion, but a purchase in good faith is not in the first instance a conversion. (Id., § 642.) The accidental loss or destruction of an article by one lawfully in its possession has never been held to be a conversion. (*Bromley* v. *Coxwell*, 2 B. & P., 438; *Cairns* v. *Bleecker*, 12 J. R., 300 ; *Jervis* v. *Jolliffe*, 6 id., 9.)

In *Laplace* v. *Aupox* (1 John. Cas., 407), cited to the contrary, it appeared that the goods had been placed in the defendant's possession, and had been sold by him, contrary to the orders of the owner. Their subsequent loss on the voyage on which they were shipped was held to make no difference. The defendant was guilty of a direct act of conversion and the action was well brought.

On the question whether trover will lie to recover bills of exchange situated like these, two cases have been cited, viz.: *Treuttel* v. *Barandon*, 8 Taunton (4 E. C. L R., 33), and *Evans* v. *Kymer* (1 Bar. & Ad., 528). Neither of these cases resembles the one before us in its essential elements. In *Treuttel* v. *Baranden*, the plaintiffs were the owners of the several bills of exchange, drawn respectively by Gorton and G. Cresswich upon Spears, indorsed : " Pay to I. P. De Rouse, Esq., or order, for account of Messrs. Truttel & Wentz." These bills were placed or left by the plaintiffs in the hands of De Rouse as their agent, to be used for the plaintiffs, and, as directed by them. De Rouse negotiated them as security for his private loan. The plaintiffs demanded the bills, and, upon refusal, brought trover for their recovery. The defendants claimed to have obtained the bills by purchase from De Rouse, and insisted upon the validity of their title. The court held that the form of the indorsement gave sufficient notice that the bills were the property of the plaintiffs, and gave judgment for their value. The case varies from the one before us, in the important particulars that the bills were still in existence, and that the defendants obtained possession of them without just right, and insisted upon their ownership.

In the case of *Evans* v. *Kymer*, the bill was drawn by Nevett upon the plaintiff, accepted by him, and retained by Nevett in his possession for the convenience of the plaintiff, and to be used as by him directed. Nevett negotiated the bill to the defendant for value, but with knowledge of all the facts. The defendant claimed the right to hold the bill. Trover was brought for the bill, and the chief defense was that the plaintiff himself never had sufficient property in the bill to maintain trover. The action was maintained; Lord TENTER-DEN closing his opinion with this remark : " The jury here were directed to find the value of the bill, in case they found their verdict for the plaintiff. If the defendant deliver up the bill, nominal damages may be entered on the record.'' This case is authority that the plaintiff here had sufficient property in the bills to sustain the action, which, indeed,

upon the facts as found, is too clear to need any authority. It establishes nothing else pertinent to the case before us. Demand and refusal do not establish a conversion to the defendant's own use, where, as in this case, it appears that at the time of the demand, the bills were not in existence. They had been previously and accidentally destroyed. The failure to deliver that which is not in being and cannot be delivered, furnishes no evidence of an appropriation by the defendant. *Murray* v. *Burling* (10 John. R., 172), and *Decker* v. *Mathews* (12 N. Y., 313), are cases where the party sued had wrongfully transferred the bill, and received and applied the proceeds to his own use. They furnish no authority upon the case before us, which is one of an accidental loss or destruction of the bill, no money being received upon it. Upon all of the authorities I have been able to consult, my judgment is that there was no evidence of any conversion of these bills. There was never any denial of the plaintiff's property; there was no claim of property in the defendant; there is no evidence of a voluntary or intentional destruction of them.

I see no reason why the plaintiff should not be left to the remedies upon contract that are open to it. By the statute of this State (1 R. S. 769, § 11), "Every person, upon whom a bill of exchange is drawn, and to whom the same is delivered for acceptance, who shall destroy such bill, or refuse within twenty-four hours after such delivery, or within such other period as the holder may allow, to return the bill accepted or non-accepted to the holder, shall be deemed to have accepted the same." This statutory provision is in affirmance of the common law, which holds that when a bill is left with a drawee for acceptance and retained by him beyond a reasonable time, the bill is to be deemed accepted. So if the bill be destroyed by the drawee while in his hands. (*Harvey* v. *Martin*, 1 Camp. R., 425; *Jeune* v. *Ward*, 1 Bar. & Ald., 657, 662; Edwards on Bills, 396; Bayley on Bills, ch. 6, § 1, p. 100.)

I see no reason again why the defendant is not liable, upon

his implied promise to present the bills for acceptance, to receive and transmit the money if paid, and in case of refusal to accept or of non-payment, to notify the plaintiff. The transmission to him and the receipt for this purpose render him liable for the breach of this duty.

I am of the opinion that the judgments should be reversed and new trial ordered, costs to abide the event.

All concur.

Judgment reversed.