ROYAL STANTON, RESPONDENT, v. PETER CRISPELL, JR., APPELLANT.

*Conversion of notes — Evidence — Action for tort — evidence essential to recovery in — Damages.*

In an action brought by the payee of two promissory notes against the maker, to recover for an alleged conversion thereof by the latter, the defendant claimed that the plaintiff had surrendered the notes to him in pursuance of a settlement effected between them. Upon the trial the plaintiff was asked and allowed to answer, against the defendant's exception and objection, the following question: "Did you ever assent to any such settlement as the doctor (the defendant) has stated here?"

*Held,* that the question should have been excluded; that it was for the jury, and not for the witness, to decide whether or not he had assented to the settlement.

*Held,* further, that as this was an action of tort, and as it was therefore essential to show a wrongful act on the part of the defendant, no recovery could be had therein if the acts and deeds of the plaintiff justified the defendant in believing that he did assent to the settlement, and did surrender the notes in accordance therewith.

As the plaintiff and defendant were the only parties to the notes, the amount of the recovery should be limited to what the plaintiff could have recovered, in an action brought upon the notes themselves, taking into account any just set-offs or part payments. (*Per* BOCKES, J.)

APPEAL from a judgment of the County Court of Ulster county in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial.

This action is brought to recover for the alleged conversion of two notes, made by the defendant, payable to the order of the plaintiff, delivered to him and claimed to be his. There was no person liable on the notes other than the defendant. The recovery is for the full amount of the notes, $223.50.

The parties had had some dealings together; the plaintiff went to the defendant's house, and (according to his own testimony) the defendant looked over the account; spoke of a charge for medical services; paid the plaintiff twenty-three dollars and twenty cents; wanted to see the notes; the plaintiff handed them to him; he shoved them aside; the plaintiff asked him if he was going to keep the notes; the defendant made no reply; the defendant asked the plaintiff if he wanted to take the figuring to look at it at his leisure; the plaintiff said he did not, and went away.

The defendant, in contradiction, produced the paper on which the calculation was made; this shows a charge against the plaintiff for board and washing, and a credit by services and the notes, making a balance of thirteen dollars. The defendant testifies that the plaintiff seemed disappointed, and asked if he could not make it a little more; that defendant agreed to make it twenty-five dollars, and paid the plaintiff all he had in his pockets, twenty-three dollars and twenty cents, and promised to hand him the balance; that plaintiff took the money and said nothing about the notes, but left them where defendant had placed them after making the

calculation, and made no objection to the defendant's retaining them.

Ten days afterwards the plaintiff went to the defendant's, tendered him the twenty-three dollars and twenty cents, and demanded the notes; the defendant informed him that they were burned up, and offered him the balance of one dollar and eighty cents which had been promised.

It further appears by the evidence of the defendant (which does not appear to be contradicted) that during the time for which the defendant charged for board, the plaintiff was working the defendant's farm on shares, and was living at the defendant's house.

The County Court denied a motion for a new trial, and the defendant appeals from such denial and from the judgment.

*M. Schoonmaker*, for the appellant.

*S. T. Hull*, for the respondent.

Learned, P. J.:

Whatever we may think of the result of this action, our right to review is limited. There is no exception to any part of the charge. There was no motion for a nonsuit and no request to direct a verdict for the defendant; the defendant therefore cannot question the rule of damages, and we do not pass on this, nor on the right to recover that amount, if there was a conversion; nor can he raise any question as to the effect of the refusal to deliver notes which had been destroyed. (*Salt Springs National Bank* v. *Wheeler*, 48 N. Y., 492.) In like manner he is prevented from urging, as is claimed on his points, that there was no evidence to go to the jury of a wrongful conversion. (*Barrett* v. *Third Avenue R. R. Co.*, 45 N. Y., 632.)

The only questions which seem to be open to us are, 1st. Whether, assuming the charge of the court to be correct, we can say that the verdict is such that the jury must have been improperly controlled by passion or prejudice. Now, the charge was that, if the notes were voluntarily surrendered by the plaintiff to the defendant, the action could not lie. That, on the contrary, if there was any trick or contrivance by which the notes were got from plaintiff's posses-

sion, without his consent, and were then destroyed, it would be a conversion. No exception was made to this and no request to lay down any other or more definite rule. On looking at the evidence under this charge, and under the implied admission of the defendant that there was a question of fact as to the settlement, I am unable to say that the jury were improperly controlled by passion or prejudice. They saw the parties and heard their respective stories; and they are the tribunal for the decision of facts. 2d. The plaintiff, on his examination, was asked, Did you ever assent to any such settlement as the doctor (defendant) has stated here? This was objected to by the defendant on the ground that assent is to be judged from what was said or done. The objection was overruled; the evidence admitted, and the defendant excepted. As the defendant's counsel thus called attention specially to the principle, that the acts and sayings of the parties must prove assent or dissent, it would seem that the testimony which was admitted included the mental intention of the witness. This was not proper. It was for the jury to decide, from what the defendant said and did, whether he assented to the settlement, or, perhaps, in strict accuracy, whether his acts and deeds justified the defendant in believing that the plaintiff did assent to the settlement and did surrender the notes in accordance therewith. As this is an action of tort, it is necessary for a recovery to show a wrongful act of the defendant. That must depend on what he was justified in understanding from the plaintiff's acts and sayings. These only were competent, and these the plaintiff had already stated.

Yet, such a general answer as was given to this question is one very likely to influence a jury, in such a case as this, and as this answer was improperly admitted the judgment must be reversed and a new trial granted; costs to abide the event.

BOOKES, J. :

I concur in the above opinion entirely, and am the better satisfied with the result, as it seems the question of damages was entirely overlooked on the trial. The right of recovery, if sustained, was limited to the value of the notes; that is, in this case, to the amount the plaintiff would have been entitled to recover on them, had he sued upon the notes themselves. If paid, or reduced in value by

part payments or just set-off, these matters were proper subjects for consideration on the question of damages. Admitting that the notes had been improperly retained or converted by the defendant, the question then would be how much had the plaintiff been damaged by the alleged wrongful act.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment and order reversed and new trial granted, costs to abide event.