### DEXTER v. DEXTER.

*(Superior Court of New York City, General Term. April 15, 1889.)*

1. TROVER AND CONVERSION — ASSIGNEE FOR THE BENEFIT OF CREDITORS — DESTRUCTION OF GOODS BY FIRE.
   An assignee for the benefit of creditors, who takes into his custody goods belonging to another, but in the possession of the assignor, is not rendered liable for their conversion by a demand made after they are destroyed by fire, without the fault or negligence of the assignee.

2. TRIAL — RECEPTION OF EVIDENCE — REOPENING CASE AFTER MOTION TO DISMISS.
   On the trial of an action for conversion of goods under such circumstances, after the plaintiff has rested and the court has intimated an intention to dismiss the complaint, it is not error to refuse to allow the plaintiff to prove that the former owner of the goods, whose interest she has, was driven away from the house in which the goods were stored, and in which defendant found them, and that defendant knew that fact.

Appeal from jury term.

Action by Nellie L. Dexter against Edward Dexter, assignee for the benefit of the creditors of John W. Dexter, for the conversion of certain goods. From an order dismissing the complaint, plaintiff appeals.

Argued before SEDGWICK, C. J., and TRUAX and DUGRO, JJ.

*Alexander Thain,* for appellant. *Hawkesworth & Rankine* and *Jacob F. Miller,* for respondent.

TRUAX, J. The action was brought by the plaintiff to recover damages for the conversion of certain goods. The evidence shows that the goods were taken by the defendant as the assignee for the benefit of creditors of one John W. Dexter, and that at the time the goods were taken by the defendant they were in the possession and under the control of the said John W. Dexter. It was held by this court in the case of *Goodwin* v. *Goldsmith*, 49 N. Y. Super. Ct. 101, that in order to establish a conversion as against an assignee for the benefit of creditors who has simply taken the property of his assignor, it is necessary to show that a demand has been made upon him, and that he has refused to comply with such demand. A demand was alleged in the complaint, and was admitted by the answer; but it was shown on the trial that at the time this demand was made the goods had been destroyed by fire, without any fault or negligence on the part of the defendant. It was held by the commission of appeals in the case of *Bank* v. *Wheeler*, 48 N. Y. 492, that a demand and refusal to deliver do not establish a conversion where, at the time of the demand, the property in question is not in existence, and that the accidental loss or destruction of an article by one lawfully in its possession is not

a conversion. For this reason we are of the opinion that the complaint was rightly dismissed.

After the plaintiff had rested her case, and after the court had intimated its intention of dismissing the complaint, the plaintiff offered to show that her assignor, to whom she alleged the goods in fact belonged, was driven away from the house in which the goods were stored, and from which they were afterwards taken by the defendant, and that the defendant knew of this fact before the assignment was made to him, and before he took the goods. The court refused to allow the plaintiff to show this fact. Under the circumstances of the case as shown in the papers on this appeal, we cannot say it was error in the court to refuse so to allow the plaintiff to reopen her case. The judgment appealed from is affirmed, with costs.