(63 App. Div. 417.)

### STERNBERG v. SCHEIN.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

TROVER—DEMAND AND REFUSAL—POSSESSION OF DEFENDANT.

> Where a watch is stolen from one in possession thereof as a conditional purchaser, a subsequent demand by the seller for the return of the property on the falling due of an installment of the purchase price, and the purchaser's failure to deliver, do not show a conversion.

Appeal from municipal court of city of New York.

Action by Motel Sternberg against Louis Schein. From judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Abraham B. Schleimer, for appellant.

Leon Burkes, for respondent.

HIRSCHBERG, J. The decision rendered by the municipal court justice was fully justified on the law and facts. The action was for conversion of a gold watch and chain, which the plaintiff claims to have sold to the defendant on the installment plan, under an agreement that title should not pass until all payments were made. The defendant pleaded general denial and res adjudicata. The defense of res adjudicata appears to relate to prior litigation between the

parties about a similar conditional sale of a watch and chain, resulting in a judgment in plaintiff's favor, the effect of which he avoided by testifying that he sold two watches and chains to the defendant at about the same time. This the defendant denied, but the evidence of a former adjudication was unquestionably insufficient to support the judgment appealed from. The defendant, however, did testify that the watch and chain were stolen from him while he was in attendance at the Thalia theater. The circumstances of the theft are not disclosed. The plaintiff demanded a return of the property upon default in the payment of the installments, and the controversy on this branch of the case hinges upon the question whether the demand preceded the theft. On this question the evidence of each party is obscure, but the weight inclines in favor of the defendant. He says the theft occurred in June, after the Jewish Easter. The plaintiff says the demand was made "before the Hebrew holidays." He was testifying on February 15th, and stated that the occurrence was "three or four months ago." He does not state that it was before the Passover, as claimed by the learned counsel in his brief, and the inference is that the allusion is to the holidays in the fall. Giving to both stories full credence, which is as favorable a view as either litigant is entitled to, it would seem that the watch and chain were stolen from the defendant before the plaintiff made demand for their return. The defendant claims to have immediately informed the plaintiff of the fact that they were stolen. Under those circumstances, the plaintiff failed to establish his case by the requisite preponderance of evidence, and we should not disturb the finding on the merits in defendant's favor. The rule of law controlling the case is settled by the decision of the court of appeals in Bank v. Wheeler, 48 N. Y. 492, 8 Am. Rep. 564, in which case it was held that a demand and refusal to deliver do not establish a conversion, where, at the time of the demand, the property in question is not in existence; and that the accidental loss or destruction of an article by one lawfully in its possession is not a conversion. In that case the conversion was alleged of certain bills of exchange, and the defendant defeated the action on the allegation that he could not find them, and they might have been burned up among some papers of no value. The court held that the action of conversion could not be sustained, and remitted the plaintiff to the "plain and obvious remedy of an action against the defendant for a breach of contract." See, also, McMorris v. Simpson, 21 Wend. 610, where it was held that an omission of duty in caring for the property, so that it is lost in consequence of the neglect, will not support an action for conversion. To the like effect are Packard v. Getman, 4 Wend. 613, 21 Am. Dec. 166, and Hawkins v. Hoffman, 6 Hill, 586, 41 Am. Dec. 767. The judgment should be affirmed.

Judgment of the municipal court affirmed, with costs. All concur.