(111 App. Div. 875)

## HUNTINGTON v. HERRMAN et al.

(Supreme Court, Appellate Division, First Department. March 16, 1906.)

**1. TROVER AND CONVERSION—PROOF AND VARIANCE.**
Under a complaint for conversion, no recovery can be had on any cause of action ex contractu.

**2. SAME—ELEMENTS OF ACTION—EXERCISE OF DOMINION.**
Where plaintiff left property in defendants' building under an agreement that it should be removed on notice if the building was leased, and defendant leased the building to a tenant who removed the property, defendant was not liable for conversion thereof.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trover and Conversion, §§ 25–37.]

Appeal from Trial Term, New York County.

Action by Byron O. Huntington against Morris S. Herrman and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

James F. O'Neill, for appellant.

Benjamin N. Cardozo, for respondents.

LAUGHLIN, J.   The action is for the conversion of five sewing machines, certain office fixtures and furniture, and other personal property, of the alleged value of $8,500.   During a period of about two years prior to the 1st day of February, 1898, plaintiff conducted the business of manufacturing ladies' underwear in the third loft of premises Nos. 68 and 70 Grand street, New York, under a lease from the Merchants' Central Club.   The defendant Herrman then became owner, or succeeded to the right to possession, of the premises, and he leased the loft to the plaintiff for the month of February for a rental of $50. Plaintiff was closing out his business, but had not finished doing so by the 1st of March, and desired to continue in possession for two months longer, and to leave the property, to recover for which the action is brought, until the premises should be again rented by his new landlord.   On or prior to the 1st day of March, he informed Herrman's brother that he desired the privilege of keeping the property there until the loft was rented and was willing to pay for the privilege $25 per month for the months of March and April, and was informed that there would be no objection to his leaving the property there, provided he agreed to remove it within two days after being notified that the building had been rented.   The rental was subsequently changed to $50 for March and $25 for April.   The respondent's brother then suggested that appellant, when ready to move his other things out, send word so that a memorandum could be made of the property he desired to leave.   Plaintiff paid the rent for the two months, and some time after the last payment, which was on April 11th, he moved out, leaving the property of which a memorandum was taken—but no receipt was given—together with his address at which he might be reached "if the goods were to be removed."   The plaintiff subsequently —it does not appear just when—received notice from the respondent that the loft had been rented and requesting that he remove his signs and put them on the first floor, so that the new tenant could put out signs. This request was complied with, and while doing so plaintiff was informed by the elevator boy that it would be necessary also to move the other property, and that it might be placed in the first loft.   After some negotiations, it was agreed that appellant and respondent should together bear the expense of cleaning the first loft to put in suitable condition to leave the property there, and this was done, and the property was transferred accordingly.   The plaintiff thereafter, from time to time, visited the premises for the purpose of seeing his property, to which he was given access.   In December, 1899, plaintiff learned that his property was being removed, and on visiting the premises he found it on the sidewalk, where it had been placed by the elevator boy on orders from the defendant Stein, to whom Herrman had in July, or

August, 1898, leased the entire building and surrendered possession. Herrman did not assume to lease plaintiff's property to Stein or to confer any right concerning it, and had a distinct understanding with Stein that the right was reserved to enter at any time and remove any property left by tenants, and he had no knowledge that Stein contemplated removing the property. The defendant Stein was not served and did not appear. The verdict in favor of the defendant Herrman was directed upon motion of his counsel, made upon the grounds: (1) That the plaintiff had failed to establish a cause of action of any kind; (2) that the plaintiff's cause of action, if any, was not for conversion, but for breach of a contract of bailment, and that the sole cause of action pleaded in the complaint was one for conversion; (3) that the defendant's possession being originally rightful, a demand was necessary to make it unlawful, that such demand was a condition precedent to the maintenance of an action for conversion, and that none had been proved.

It appears that Herrman did not notify plaintiff that he had leased the premises to Stein, or request him to remove the property. We are not in accord on the question as to whether the notice to remove in the event that the premises should be leased was for the benefit of the defendant Herrman alone, or whether he owed a duty to the plaintiff to give such notice; but that is not material, because, if such duty existed, a breach thereof might give rise to a cause of action for damages for breach of the contract, but it would not constitute a conversion of the property. It is unnecessary to decide whether the facts give rise to any cause of action ex contractu, for, the complaint being in conversion, no recovery could be had without proof thereof. Wamsley v. Steamship Co., 168 N. Y. 533–540, 61 N. E. 896, 85 Am. St. Rep. 699. The defendant Herrman exercised no dominion over the property. In the exercise of his legal right to sell or lease the premises, he leased the entire building, but not its contents. The defendant Stein thus came into possession of the building, subject to the rights of the plaintiff. Clearly, the mere execution of a deed or lease of the premises, and surrender of possession thereof to another, does not render the owner liable in conversion for all the property of the tenants of the building, either as to tenants in possession and occupation, or as to those who have left some of their property temporarily. Peck v. Knox, 1 Sweeny, 311; Salt Springs Nat. Bank v. Wheeler, 48 N. Y. 492, 8 Am. Rep. 564; Wamsley v. Atlas Steamship Co., supra, and cases cited.

The contract by which the goods were left does not differentiate the case, considered as an action for conversion, from one in which the goods were left by consent, as in Peck v. Knox, supra. Plaintiff saw fit to leave his property in the building, not for a month or two or three, but for a year and eight months, inspecting it himself at intervals. It was not reasonable to expect that defendant had surrendered his right to sell or lease his property indefinitely. In fact, the execution of a lease by him was contemplated, and, if plaintiff was entitled to any notice at all, it was, according to the contract, only to be given after the premises had been leased. He did not lease it until after three or four months, and the property was not disturbed until nearly a year and a half thereafter. It is sufficient to sustain the judgment that it

has not been shown that defendant Herrman exercised any dominion over the property. The execution of the lease and transfer of possession was lawful and invaded no right of the plaintiff with respect to the ownership or possession of the property. The possession of the property was not disturbed. The plaintiff, under the arrangement with Herrman, in effect, had a lease of the space occupied by the property, terminable on notice, or a license to leave the goods there until notified to remove them. It did not constitute conversion of the property for Herrman to lease the building subject to plaintiff's right, which is, in effect, what he did. If this action for conversion could be sustained, then it would be for failure to notify plaintiff of the lease to Stein, and even though the property were still in the building uninjured.

It follows that the judgment and order should be affirmed, with costs. All concur.