### HELLMAN v. FARRELLY.

(Supreme Court, Appellate Division, First Department. May 7, 1909.)

PRINCIPAL AND SURETY (§ 129*)—DISCHARGE OF SURETY—ESTOPPEL.

A surety on a building contractor's bond is estopped to assert that excessive payments made by the owner to the contractor at the surety's request is a violation of the contract which discharges the surety.

[Ed. Note.—For other cases, see Principal and Surety, Dec. Dig. § 129.*]

Appeal from Judgment on Report of Referee.

Action by Myer Hellman against Stephen Farrelly, as ancillary receiver of the City Trust, Safe Deposit & Surety Company of Philadelphia. From a judgment for plaintiff, entered on a report of a receiver, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, McLAUGHLIN, and CLARKE, JJ.

Frederick J. Swift, for appellant.
Bernard H. Arnold, for respondent.

INGRAHAM, J. Upon the first trial of this action the court dismissed the complaint upon the pleadings and upon the plaintiff's opening. On appeal to this court the judgment entered upon such dismissal was reversed, and a new trial ordered. 111 App. Div. 879, 98 N. Y. Supp. 51. We there held that:

"In the circumstances disclosed it evidently appeared to be the interest of the surety to have the provisions with respect to reserving part of the amount earned waived, and likewise with respect to the time of performance. * * * Having consented to these modifications at the instance of its principal, and the plaintiff having acted thereon, manifestly to his prejudice, if the consent and waiver were now to be repudiated, the defendant is estopped from contending that these modifications with respect to performance discharged it from all liability."

Upon the new trial before a referee judgment was awarded to the plaintiff. The referee found that on the 7th of December, 1898, the plaintiff entered into a contract in writing with one Blake, a copy of which is annexed to the amended complaint, and that by that contract Blake undertook to excavate the rock upon certain real property for a price fixed, which was based upon the estimated amount of rock to be excavated as 23,823 cubic yards, and that the sum of $1.20 per cubic yard was a proper sum to pay for such excavation, and that Blake, as principal, and the City Trust, Safe Deposit & Surety Company of Philadelphia as surety, executed a bond conditioned upon the performance of the conditions and covenants by Blake on his part to be performed under said contract; that the plaintiff made various payments to Blake as the work progressed; that from the inception of the work performed under said contract by Blake the said City Trust, Safe Deposit & Surety Company of Philadelphia knew that the sums periodically paid by the plaintiff to Blake were ascertained and computed by the plaintiff from the certificates of the engineer by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

multiplying the number of cubic yards specified in said certificates by the sum of $1.20, and that such several certificates did not specify the amount earned by said Blake during the periods covered by them respectively in money, and that early in the progress of the said work the said corporation specifically requested the said Hellman to continue making such payments to Blake for each cubic yard excavated and removed as shown by the certificates of the said surveyors; that at the time of making such request the said corporation knew that there was a question whether the amount of material to be excavated had not been under estimates, and it made such request with the full knowledge that payments at that rate might result in the advancement to Blake for the time being of a larger proportion of the contract price than had actually been earned by him, but in the belief that, if such payments were made to the said Blake, it might enable him to assemble the plant and employ the labor essential to the carrying out of such contract on his part; that—

"the time of the performance of said contract on the part of Lawrence E. Blake, as provided by its terms, was with the full knowledge and approval and consent of the City Trust, Safe Deposit & Surety Company of Philadelphia extended from time to time, and at the request of the City Trust, Safe Deposit & Surety Company, and with the consent of this plaintiff, said Lawrence E. Blake was permitted to and requested to continue performance of said contract on his part for the benefit of all concerned, and did with the acquiescence, knowledge, and consent of said company continue to perform the same until on or about the 12th of May, 1900."

He further found that Blake, on or about the 12th day of May, 1900, wholly abandoned performance of said contract, and refused and neglected to proceed therewith, and to supply a sufficiency of materials or workmen to complete the same and to continue its progress, and thereupon the City Trust, Safe Deposit & Surety Company and Blake were notified of said default by the plaintiff, and of the plaintiff's intention to complete the same; that the plaintiff then entered into a contract to complete the same, which was submitted for approval by the City Trust, Safe Deposit & Surety Company of Philadelphia before the work was done thereunder, and said work was completed pursuant to its terms without objection on the part of the said the City Trust, Safe Deposit & Surety Company of Philadelphia, and that the cost of that work under said contract was $38,-844.76, or $10,344.76 in excess of the contract price, which is an amount in excess of the bond given by the defendant, which was $10,-000; and, as a conclusion of law, that the plaintiff performed all the terms and conditions under said contract on his part to be done and performed, except in so far as performance of the conditions thereof was waived by the said the City Trust, Safe Deposit & Surety Company—and judgment was awarded to the plaintiff against the trust company for the sum of $10,000.

The opinion of the referee, I think, satisfactorily disposes of all the points raised by the defendant upon this appeal. It is a mistake to assume that the liability of the defendant is based upon a modification of the original contract between plaintiff and Blake. By the contract Blake undertook to do this work for the sum of $28,500. This con-

tract was not based upon the amount of rock to be excavated. The bond given by the defendant was on condition that Blake should duly and faithfully perform and fulfill all conditions of said contract on his part to be kept and performed, and should keep harmless and protect the obligee (plaintiff) from and against all loss by reason of the nonfulfillment by Blake of the covenants contained in the said contract to be performed by him as aforesaid. The bond also contains a provision that it is issued upon the express condition that all the covenants and agreements contained in the said contract, made by the said obligee (plaintiff) and on his part to be kept and performed, for the protection of the said obligee and of said surety, shall be strictly kept and performed by the said obligee. By the contract the plaintiff was required to make certain payments upon the certificate of the engineers as the work progressed, reserving 15 per cent. of the amount of each certificate until the work was fully performed, which sum was to be paid to Blake when the certificate that the entire work was fully completed was submitted. If the plaintiff had refused to pay the various sums that became due from time to time, there would have been a breach of the contract, which would have discharged the surety. There is nothing in the contract to show that a payment in excess of the amount required to be paid to Blake was a breach of a covenant or agreement made by the plaintiff for his protection, or for that of the surety; but, if such covenant was within this provision of the bond, then payments made to Blake by the plaintiff at the express request of the surety, and to enable Blake to carry out the contract, would not discharge the surety. The plaintiff was justified in construing the contract and making the payments as requested by Blake and the surety. It seems to me that it is not a question of the modification of the original contract, because neither of the parties agreed that it should be so modified as to impose an obligation upon the plaintiff to pay anything in excess of what he undertook to pay under the original contract; but in carrying out the contract and making payments from time to time the plaintiff was justified in acceding to the request of Blake and his surety, and acting upon such request and consent, and the surety was then estopped from insisting that such payment was a violation of the contract, or discharged it from the obligation that it had assumed.

There is no evidence that these increased payments occasioned any loss to the defendant, or that if the plaintiff had reserved the 15 per cent., and had paid only the amount that was earned by Blake under the contract, that Blake would have been able to perform the contract, or that the amount that the plaintiff had to pay for its completion would have been any less than that which he was required to pay. The statement is made in the plaintiff's brief that the plaintiff had been allowed to abrogate and set aside every term of the contract that he was bound to perform, when the evidence shows that the plaintiff not only performed every obligation that he assumed under the contract, but paid to the principal an amount in excess of that which he was required to pay, and which upon no principle could have substantially injured the defendant. Sullivan, the manager of the

defendant, was not called as a witness, and there was no contradiction of any of the evidence offered by the plaintiff as to his active participation in inducing plaintiff to make the payments to Blake, and the evidence is undisputed that from the beginning Sullivan was insisting that plaintiff should make payments to Blake in excess of that provided for by the contract; that Sullivan had said that he deemed the 15 per cent. reserve a very onerous requirement, and that, if it would help him along, the plaintiff should exercise his discretion, from time to time, in making Blake allowances out of the reserve; that these excessive payments were made by the plaintiff reluctantly, and only upon the assurance of Sullivan that it would be perfectly proper to make the payments. All of these payments were made on the demand of Blake, all made with the knowledge and acquiescence or request of Blake's surety (defendant), and under such circumstances it is clear that the defendant is now estopped from asserting that these payments, made at its request and for its benefit, are a violation of the plaintiff's contract which discharges the surety.

I think that the judgment was right, and it should be affirmed.

Judgment affirmed, with costs. All concur.