WAGNER v. FEITEL.

(Supreme Court, Appellate Term, First Department. June 26, 1916.)

1. BAILMENT ⊆⇒30—ACTION—PLEADING—COMPLAINT—SUFFICIENCY.

In an action in bailment, a complaint alleging that plaintiff had delivered a diamond pin to defendant for repair, that plaintiff had made demand to defendant at various times for its return, but that defendant refuses to deliver the pin and has converted it to his own use, without alleging that defendant failed to take due care of the bailment, was insufficient.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. § 123; Dec. Dig. ⊆⇒30.]

2. BAILMENT ⊆⇒30—ACTION—PLEADING—COMPLAINT—SUFFICIENCY.

In an action for conversion, a complaint alleging that plaintiff delivered a diamond pin to defendant for repair, had made demand to defendant at various times for its return, but that defendant refused to deliver the pin, and had converted it to his own use, was sufficient.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. § 123; Dec. Dig. ⊆⇒30.]

3. BAILMENT ⊆⇒16—CONVERSION.

In an action for conversion of a diamond pin, delivered to defendant for repair, where defendant did not have possession of the pin when demand was made, he could not be held in conversion.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 64–74; Dec. Dig. ⊆⇒16.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Abraham L. Wagner against Emil J. Feitel. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Adolph B. Rosenfield, of New York City (Mayer L. Halff, of New York City, of counsel), for appellant.

Abraham Wielar, of New York City, for respondent.

BIJUR, J. [1, 2] Plaintiff's complaint alleged: That he had delivered to defendant for repair a diamond pin, which defendant promised to redeliver after it was repaired. "That at various times thereafter plaintiff demanded of said defendant that he deliver said diamond pin to said defendant, but said defendant refused and still refuses so to do, and has converted the same to his own use." The summons bears the inscription that the plaintiff is liable to arrest and imprisonment. The action is plainly one in conversion. Viewed as an action in bailment, it lacks the essential element of an allegation that defendant

---

⊆⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

failed to take due care of the bailment. Claflin v. Meyer, 75 N. Y. 260, 263, 264, 31 Am. Rep. 428.

The learned judge below, over defendant's objection, submitted the case to the jury on both theories, and permitted the jury to determine, if it found for the plaintiff, whether it was upon the theory of bailment or conversion.

[3] Defendant's motion to dismiss the complaint on the ground "that it is uncontradicted that plaintiff  *  *  *  did not have the pin in his possession at the time that it was demanded" was denied, although apparently there was no evidence from which the jury could infer otherwise. If, under the circumstances here disclosed, defendant did not have possession of the pin when the demand for its return was made, he could not be held in conversion. Salt Springs Nat. Bank v. Wheeler, 48 N. Y. 492, 8 Am. Rep. 564; Sternberg v. Schein, 63 App. Div. 417, 71 N. Y. Supp. 511.

Judgment reversed, and new trial granted, with $30 costs to appellant to abide the event. All concur.